MADELEINE M. LANDRIEU, Judge.
| ¾Alicia DiMarco appeals the district court’s dismissal of her lesion claim upon the granting of exceptions of no cause of action and res judicata filed by her former spouse, Michael Blake. Mr. Blake has filed a motion to dismiss the appeal on the basis that the ruling Ms. DiMarco seeks to appeal is an interlocutory judgment that is not yet appealable. For the reasons that follow, we find that this court lacks jurisdiction to consider the merits of this appeal. We therefore grant Mr. Blake’s motion and dismiss the appeal.
FACTS AND PROCEEDINGS BELOW
The parties were married in 2003. In March of 2005, Mr. Blake and Ms. DiMar-co each filed a petition in the Twenty-Fifth Judicial District Court for the Parish of Plaquemines seeking a divorce and a partition of their community. Their separate actions were consolidated in the district court. The divorce was granted in November of 2005. Thereafter, the parties entered into a “Consent Judgment for Partition of Community Property and Settlement of Claims” [“the Consent Judgment”], which was signed by the trial court on June 30, 2006. On October 12, |s2007, Ms. DiMarco filed a “Petition for Lesion” alleging that the Consent Judgment was disproportionately advantageous to Mr. Blake, and praying that it be rescinded. She also prayed for other ancillary relief, including that she be awarded one-half the community property. Specifically, Ms. Di-Marco alleged that Mr. Blake had misrepresented the value of a community asset, a jack-up oil rig, by testifying in his deposition that the rig had a negative value and then selling it for approximately twenty million dollars shortly after the company that owned the rig was partitioned to him under the Consent Judgment.
Mr. Blake raised exceptions of no cause of action and res judicata to Ms. DiMar-co’s petition for lesion. After hearing those exceptions as well as some discovery-related issues, the trial court rendered judgment on August 22, 2008 granting Mr. Blake’s exceptions.[1] Ms. DiMarco filed a writ application in this court challenging the trial court’s ruling. This court denied her application on the basis that Ms. Di-Marco had not shown that “our exercise of supervisory jurisdiction [would] likely end this litigation.”[2]
Subsequent to the granting of Mr. Blake’s exceptions, Ms. DiMarco filed an “Amended Petition for Lesion” and a “Second Amended Petition for Lesion.”[3] Then, on April 6, 2010, Ms. DiMarco filed her “Third Amended Petition for Lesion,” in which she alleged that Mr. Blake had *685 given deposition testimony intentionally concealing the true nature and value of his interest in certain ^community property, and she prayed that the Consent Judgment be annulled on account of this alleged fraud and/or ill practices.[4] In response, Mr. Blake raised an exception of prescription and an exception of no cause of action on grounds of peremption.
Ms. DiMarco’s petition to annul the Consent Judgment and Mr. Blake’s exception of prescription were tried for six days in the district court in February and April of 2011. On October 31, 2011, the district court rendered a judgment which overruled the exception of prescription and annulled the Consent Judgment that had previously partitioned the community between the parties.[5] Mr. Blake filed a Motion for New Trial, or alternatively, to have the court rule on his outstanding exception of no cause of action. On November 9, 2011, the trial court overruled Mr. Blake’s exception of no cause of action. On December 29, 2011, Mr. Blake filed a writ application in this court seeking review of the overruling of his exceptions of prescription and no cause of action.[6]
While that application was pending, Ms. DiMareo, on January 27, 2012, filed a Petition and Order for Appeal of the trial court’s August 22, 2008 ruling that had granted Mr. Blake’s exceptions to her petition for lesion.[7] This court | ¡-.denied Mr. Blake’s writ application that had sought review of the overruling of his exceptions as to the October 31, 2011 judgment, and the Louisiana Supreme Court also denied his application for review.[8] On June 12, 2012, Mr. Blake filed a Motion to Dismiss this appeal, which motion was referred to the appellate panel. Considering the motion and the opposition to it filed by Ms. DiMareo, we conclude, for the following reasons, that dismissal of the appeal is warranted.
DISCUSSION
Mr. Blake argues that this court lacks jurisdiction to consider Ms. DiMarco’s appeal of the August 22, 2008 judgment because that ruling is an interlocutory judgment that is not yet appealable. He maintains that this court cannot consider an appeal of the 2008 judgment until after the trial court renders a final judgment that fully determines the merits of the case between the two parties. We agree.
La. C.C.P. art. 2083 provides, in pertinent part:
A. A final judgment is appealable in all causes in which appeals are given by *686 law, whether rendered after hearing, by default, or by reformation under Article 1814.
⅝ ⅝ ⅜ ⅜ ⅝ #
C. An interlocutory judgment is ap-pealable only when expressly provided by law.
La. C.C.P. art. 1841 defines a final judgment as “[a] judgment that determines the merits in whole or in part” and an interlocutory judgment as “[a] judgment that does not determine the merits but only preliminary matters in the course of action.”
With regard to interlocutory judgments, the Supreme Court has stated:
[¿The general rule undoubtedly is, as stated from time to time by this court, that an interlocutory judgment which does not cause irreparable injury is not appealable. (See also Article 2083 of the Code of Civil Procedure.) But this does not mean that such judgments are never subject to appellate review. It merely means that they are not independently and immediately appealable, and that appellate review thereof must await rendition of an appealable judgment in the cause.... [Wjhen a judgment is rendered in the case which is appealable, the reviewing court can then consider the correctness of the prior interlocutory judgment.
People of Living God v. Chantilly Corp., 251 La. 943, 947-48, 207 So.2d 752, 753 (1968).
It is axiomatic that a judgment which disposes of all the issues between the parties is final and appealable. See Bossier’s Heirs v. Hollingsworth & Jackson, 117 La. 221, 41 So. 553 (1906). The Louisiana Supreme Court described such a judgment thus:
We therefore usually understand by the term ‘final judgment’ that judgment which, disposing of all the issues not previously disposed of by interlocutory judgments, is the last judgment which the court renders.
Id., p. 226, 41 So. at 555. A judgment that addresses the merits of certain issues or claims but does not resolve all the issues between the parties is termed a “partial judgment” or a “partial final judgment.” The appeal of such a judgment is governed by La. C.C.P. art. 1915, which provides:
A. A final judgment may be rendered and signed by the court, even though it may not grant the successful party or parties all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:
(1) Dismisses the suit as to less than all of the parties, defendants, third party plaintiffs, third party defendants, or in-tervenors.
(2) Grants a motion for judgment on the pleadings, as provided by Articles 965, 968, and 969.
(3) Grants a motion for summary judgment, as provided by Articles 966 through 969, but not including a summary judgment granted pursuant to Article 966(E).
|v(4) Signs a judgment on either the principal or incidental demand, when the two have been tried separately, as provided by Article 1038.
(5) Signs a judgment on the issue of liability when that issue has been tried separately by the court, or when, in a jury trial, the issue of liability has been tried before a jury and the issue of damages is to be tried before a different jury.
(6) Imposes sanctions or disciplinary action pursuant to Article 191, 863, or 864 or Code of Evidence Article 510(G).
B. (1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to *687 one or more but less than all of the claims, demands, issues, or theories, whether in an original demand, recon-ventional demand, cross-claim, third party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.
(2) In the absence of such a determination and designation, any order or decision which adjudicates fewer than all claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties and shall not constitute a final judgment for the purpose of an immediate appeal. Any such order or decision issued may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties.
C. If an appeal is taken from any judgment rendered under the provisions of this Article, the trial court shall retain jurisdiction to adjudicate the remaining issues in the case.
Essentially, Article 1915 divides partial judgments into two groups: (1) Those included in 1915(A), which lists six specific types of partial final judgments that are appealable without the necessity of being designated as final by the trial court; and (2) Those covered by 1915(B), which essentially provides that any other ^partial judgment (excluding those referenced in Part A) is not final, and therefore not subject to appeal, unless and until the trial court designates it as such.[9]
As this court has recently stated:
Therefore, in order to determine whether a particular judgment or order is appealable as of right, it must be determined whether the judgment is (1) a final judgment which has determined the merits in whole, La. C.C.P. Art. 1911; (2) a partial final judgment which does not require designation as a final judgment, La. C.C.P. Art. 1915 A; (3) a partial judgment which requires designation as a final judgment, La. C.C.P. Art. 1915 B(l); (4) an interlocutory judgment from which an appeal is expressly provided by law, La. C.C.P. Art. 2083 C, or (5) an interlocutory judgment from which an appeal is not expressly provided by law.
Favrot v. Favrot, 2010-0986, pp. 3-4 (La.App. 4 Cir. 2/9/11), 68 So.3d 1099, 1103 writ denied, 2011-0636 (La.5/6/11), 62 So.3d 127 (Citations omitted).
In the instant case, the August 22, 2008 judgment, which Ms. DiMarco seeks to appeal, states, in pertinent part:
IT IS ORDERED, ADJUDGED, AND DECREED that Michael E Blake’s Exceptions of Res Judicata and No Cause of Action concerning Alicia DiMarco’s claim for rescission of the partition on the basis of lesion be and are hereby granted;
IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Michael E. Blake shall furnish documents responsive to Alicia DiMarco’s Request for Production of Documents within fifteen days.
|3Considering this judgment in light of the five categories we noted in Favrot v. Favrot, supra, we find that it is either a partial judgment which requires designation (category 3), or an interlocutory judg *688 ment from which an appeal is not expressly provided by law (category 5). Because this- judgment has not been designated as final by the trial court, like an interlocutory judgment, it “may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all parties.” Favrot, supra, p. 4, 68 So.3d at 1103. Moreover, it is not appealable until a final, appealable judgment is rendered in the case. Id.
Ms. DiMarco does not dispute that the August 22, 2008 judgment is not appeal-able in its own right. She filed her appeal on the basis that this judgment became appealable following the trial court’s rendition of the October 31, 2011 judgment, which annulled the Consent Judgment partitioning the community property and denied Mr. Blake’s exception of prescription with regard to the claim for nullity. However, the October 31, 2011 judgment was not designated as final by the trial court, and clearly does not determine the entirety of the merits of the claims between the parties, as the community property still remains to be partitioned.[10] Applying the aforementioned procedural law, we must conclude that the October 31, 2011 judgment is not subject to immediate appeal, and therefore cannot trigger appellate review of any prior interlocutory or non-designated partial judgments, such as the August 22, 2008 judgment Ms. DiMarco seeks to appeal.
ImThis conclusion is in accord with Tramontin v. Tramontin, 2010-0060 (La.App. 1 Cir. 12/22/10), 53 So.3d 707, which Mr. Blake cites in support of his Motion to Dismiss. In Tramontin, parties obtained a divorce and entered into a partition agreement as to .community property. The district court signed a “Judgment Ho-mologating Community Property Agreement.” The former wife filed a petition to rescind the community property agreement for fraud and to nullify the judgment homologating same. Her former husband asserted an exception of peremption. Following a trial of those issues, the district court on August 20, 2008 rendered judgment rescinding the community property agreement, nullifying the judgment of ho-mologation, and denying Mr. Tramontin’s exception of peremption. The district court designated that judgment as final, and Mr. Tramontin appealed. At the same time, he appealed several prior interlocutory rulings (or partial judgments) which the trial court had also designated as final. The First Circuit held that the designations were improper and dismissed the appeal, finding that:
The August 20, 2008 judgment on appeal, however, is not determinative of the entirety of the merits of the claims between the parties, because a community property partition has yet to be effected.
Tramontin v. Tramontin, supra, p. 7, 53 So.3d at 712. The First Circuit also noted policy considerations for its decision, finding that “to permit an appeal of these judgments would encourage multiple appeals and piecemeal litigation and would prohibit expeditious disposition of community property cases.” Id., p. 9, 53 So.3d at 713.
The Tramontin court cited as authority St. Pierre v. St. Pierre, 2008-2475 (La.App. 1 Cir. 2/12/10), 35 So.3d 369, in which the appellate court dismissed an |T1appeaI that sought review of á trial court’s judgment declaring that a community property *689 regime existed, reasoning that “[a]n effective remedy is available ... once the trial court renders a judgment partitioning the parties’ assets and liabilities.” Id. at p. 6, 35 So.3d at 372. We note that in Tramon-tin, the First Circuit dismissed the appeal despite having jurisdiction due to the trial court’s designation of all the judgments being appealed as final. Here, in the absence of any such designation, appellate jurisdiction clearly does not exist. In her Opposition to the Motion to Dismiss, Ms. DiMarco does not contend that this court has appellate jurisdiction, but instead argues that we should consider her appeal now “because it is in the interest of economy and efficiency” to do so.
We are not persuaded by this argument for two reasons. First, we find that the same policies that led to dismissal of the appeals in Tramontin v. Tramontin and St. Pierre v. St. Pierre also apply here. More importantly, however, we note that the issue Ms. DiMarco seeks to have us address on appeal, which is whether lesion can apply to the Consent Judgment, was rendered moot when the trial court entered the judgment of October 31, 2011 nullifying the Consent Judgment.[11] Because the Consent Judgment no longer exists, any decision regarding whether the trial court erred by granting Mr. Blake’s exceptions to Ms. DiMarco’s claim for rescission of that judgment on the basis of lesion would be an advisory opinion. It is well-settled that courts do not decide abstract, hypothetical or moot controversies, or render advisory opinions with respect to such controversies. Louisiana Associated General Contractors, Inc. v. State, 95-2105, p. 9 (La.3/8/96), 669 So.2d 1185, 1193.
| ^Accordingly, as the issues between these parties are not yet resolved, and therefore not final, we grant the appellee’s Motion to Dismiss Appeal.[12]
CONCLUSION
For the reasons stated, the appeal is dismissed.
APPEAL DISMISSED

. The judgment did not dismiss the petition for lesion. In addition to granting the exceptions, it also ordered Mr. Blake to furnish to Ms. DiMarco within fifteen days certain documents she had sought by means of a Request for Production.

. Blake v. Blake, 2008-C-1219 (La.App. 4 Cir. 1/6/09), unpub.

. These pleadings do not appear in the record but are referenced in Ms. DiMarco's "Third Amended Petition for Lesion,” which is discussed infra.

. Ms. DiMareo also prayed that all unparti-tioned community property be partitioned and that she be awarded damages and attorney fees. The Third Amended Petition for Lesion does not appear in the appellate record but is attached as an exhibit to Mr. Blake's motion to dismiss the appeal.

. Although the October 31, 2011 judgment itself is not contained in the record, the minute entry of that date reflects that the trial court annulled the Consent Judgment and overruled the exception of prescription.

. By order of this court, Mr. Blake supplemented his writ application with the three amending petitions filed by Ms. DiMareo, as well as the entire trial transcript including exhibits. These are not included in the appellate record, however.

. Ms. DiMareo asserts in her petition for appeal that the trial court's November 9, 2011 judgment overruling Mr. Blake’s exception of no cause of action “effectively denied” his motion for new trial. She further maintains that her devolutive appeal is timely as the Notice of Signing of the November 9th judgment was issued on November 30, 2011. Neither the November 9th judgment nor the Notice of Signing that judgment are contained in the appellate record.

. Blake v. Blake, 2011-C-1827 (La.App. 4 Cir. 5/8/12), unpub., writ denied, 2012-1285 (La.9/28/12), 98 So.3d 840.

. La. C.C.P. art. 1911 specifically provides, in pertinent part: "No appeal may be taken from a partial final judgment under Article 1915(B) until the judgment has been designated a final judgment under Article 1915(B). An appeal may be taken from a final judgment under Article 1915(A) without the judgment being so designated.”

. Ms. DiMarco does not dispute that in her petition for lesion and her amended petition adding the claim seeking nullity of the Consent Judgment on account of fraud or ill practices, she prayed the community property be judicially partitioned and that she be awarded her one-half share.

. Neither party has attempted to appeal the October 31, 2011 judgment.

. In light of this disposition, we pretermit consideration of all other issues raised by the parties.