ANDREW PAUL GERBER
TESTAMENTARY
TRUST

v.

**Albert J. FLETTRICH, Jr.**

NO. 2016-CA-0065

Court of Appeal of Louisiana,
Fourth Circuit.

NOVEMBER 2, 2016

G. Frederick Kelly, III, G. FREDER-
ICK KELLY, III, LLC, 2917 Magazine
Street, Suite 201, New Orleans, LA 70115,
COUNSEL FOR PLAINTIFF/APPEL-
LANT

Curtis Allen Hennesy, Sean T. McLaughlin, KEAN MILLER, LLP, 909 Poydras Street, Suite 3600, New Orleans, LA 70112, COUNSEL FOR DEFENDANT/APPELLEE

(Court composed of Judge Paul A. Bonin, Judge Rosemary Ledet, Judge Sandra Cabrina Jenkins)

SANDRA CABRINA JENKINS, JUDGE

The Andrew Paul Gerber Testamentary Trust (the "Gerber Trust") appeals the trial court's December 15, 2014 judgment granting the Motion for Contractual Attorney's Fees filed by appellee, Albert J. Flettrich, Jr., in this declaratory judgment action seeking termination of a driveway predial servitude. For the reasons that follow, we dismiss the appeal for lack of jurisdiction.

## PROCEDURAL AND FACTUAL BACKGROUND

This is a dispute between the owners of two adjacent properties. The Gerber Trust is the owner of a lot and home located at 1019 St. Anthony Street in New Orleans. Cheryl Gerber, the trustee of the Gerber Trust, occupies the home. Mr. Flettrich is the owner of an adjacent lot and home at 1021 St. Anthony Street.

On March 18, 2009, a "Predial Servitude Agreement for Driveway" (the "Servitude Agreement" or the "Agreement") was entered into by the Gerber Trust and Triangle Ventures, LLC ("Triangle"). In the Agreement, the Gerber Trust granted a six-foot by seventy-five-foot driveway servitude in favor of Triangle, the then-owner of the 1021 St. Anthony Street property. Under the Agreement, the servitude would remain only for so long as the driveway remained at its present location, and would terminate upon the destruction, movement, or removal of the driveway. The grantee

of the servitude was required to maintain liability insurance on the driveway. Pursuant to Paragraph G of the Servitude Agreement, "[a]ny party who defaults in the performance of his, her, or its obligations hereunder shall be liable for reasonable attorney's fees incurred by the other party or parties in enforcing his, her, or its rights hereunder." In June 2010, Mr. Flettrich purchased the 1021 St. Anthony Street property from Triangle.

On November 2, 2011, the Gerber Trust filed a "Suit for Declaratory Judgment" against Mr. Flettrich. In the lawsuit, the Gerber Trust alleged that Mr. Flettrich violated the terms of the Servitude Agreement by removing the concrete driveway and paving slabs, by constructing a wheelchair ramp, and by landscaping the strip of land to make a garden, all of which allegedly rendered the servitude unusable as a driveway. The Gerber Trust also alleged that Mr. Flettrich failed to obtain liability insurance, which was required under the Servitude Agreement. The Gerber Trust sought a declaratory judgment that the servitude was terminated, and asked for attorney's fees incurred in enforcing its rights under the Agreement.

In response, Mr. Flettrich filed a Reconventional Demand alleging that the Gerber Trust, by instituting the declaratory judgment suit, defaulted in the performance of its obligations under the Servitude Agreement. Mr. Flettrich sought a declaratory judgment that he had the right to use the servitude as a driveway, and also sought attorney's fees incurred in enforcing his rights under the Agreement.

In January 2013, Mr. Flettrich filed a Motion for Summary Judgment seeking a dismissal of the Gerber Trust's action on the grounds that Mr. Flettrich had not removed or destroyed the driveway and that he was continuing to use the strip of

land as a driveway. Mr. Flettrich also asserted that he had obtained liability insurance, as required by the Servitude Agreement.

On September 16, 2013, the trial court rendered a judgment granting Mr. Flettrich's Motion for Summary Judgment and dismissing the Gerber Trust's action, with prejudice. On November 15, 2013, the Gerber Trust filed a Petition and Order for Devolutive Appeal.[1]

Thereafter, Mr. Flettrich filed a Motion for Contractual Attorney's Fees. Mr. Flettrich sought to recover reasonable attorney's fees and costs incurred in defending against the Gerber Trust's declaratory judgment suit and in enforcing his right to use the predial servitude.

On December 15, 2014, the trial court rendered a judgment granting Mr. Flettrich's Motion for Contractual Attorney's Fees (the "Judgment"). The Judgment did not quantify the amount of attorney's fees to be awarded to Mr. Flettrich. On March 31, 2015, the trial court issued its written Reasons for Judgment.[2] According to the trial court, Mr. Flettrich was entitled to attorney's fees under Paragraph G of the Agreement because the Gerber Trust defaulted on its obligations "by seeking to terminate [Mr. Flettrich's] rights under the [Agreement]."

The Gerber Trust then filed a Motion for New Trial, which the trial court denied on August 11, 2015. The Gerber Trust filed a Motion and Order for Devolutive Appeal on September 30, 2015.

## |4JURISDICTION

As an initial matter, the Gerber Trust—and not Mr. Flettrich—argues that this court lacks jurisdiction to consider the Gerber Trust's appeal because the December 15, 2014 Judgment granting Ms. Flettrich's Motion for Contractual Attorney's Fees is an interlocutory judgment that is not yet appealable.

We cannot determine the merits of an appeal unless our jurisdiction is properly invoked by a final judgment. *Tomlinson v. Landmark Am. Ins. Co.*, 15–0276, p. 2 (La.App. 4 Cir. 3/23/16), 192 So.3d 153, 156. "It is axiomatic that a judgment which disposes of all the issues between the parties is final and appealable." *Blake v. Blake*, 12–0655, 12–0655 (La.App. 4 Cir. 10/31/12), 103 So.3d 683, 686. "A judgment that addresses the merits of certain issues or claims but does not resolve all the issues between the parties is termed a „partial judgment' or a „partial final judgment.'" *Id.* An appeal of such a judgment is governed by La. Code Civ. P. art. 1915, which divides partial judgments into two groups: (1) those under Art. 1915(A), which lists six specific types of partial final judgments that are appealable without being designated as final by the trial court;[3] |5and (2) those covered by Art.

---

1. The Gerber Trust abandoned the appeal because of the costs and expenses of the continued litigation.

2. We note that the trial judge permanently left the bench on December 31, 2014, after losing his reelection bid, and was ordered by the Louisiana Supreme Court to return and render written reasons for judgment, which he did.

3. La. Code Civ. P. art. 1915(A) states:

A. A final judgment may be rendered and signed by the court, even though it may not grant the successful party or parties all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court: (1) Dismisses the suit as to less than all of the parties, defendants, third party plaintiffs, third party defendants, or intervenors. (2) Grants a motion for judgment on the pleadings, as provided by Articles 965, 968, and 969.

1915(B), which provides that any other partial judgment (excluding those listed in Part A) is not deemed to be final, and not subject to appeal, unless the trial court designates it as such. [4] *Blake*, 12–0655, 12–0656, at pp. 7–8, 103 So.3d at 687.

In this case, the December 15, 2014 Judgment which the Gerber Trust seeks to appeal states:

**IT IS ORDERED, ADJUDGED AND DECREED** that the Motion for Contractual Attorney's Fees filed herein on behalf of Defendant, Albert J. Flettrich, Jr., is GRANTED.

Although the December 15, 2014 Judgment grants Mr. Flettrich's request for attorney's fees, it does not quantify the amount of attorney's fees to be awarded to Mr. Flettrich. The Judgment, therefore, does not dispose of all the issues between the parties, and is not a final appealable judgment. *See Steele v. Compass Welding Co.*, 590 So.2d 1235, 1238 (La. App. 1st Cir. 1991) (judgment granting attorney's fees but not assessing the amount of those fees is not a final judgment).

The December 15, 2014 Judgment also is not among the six types of partial final judgments that can be appealed without being designated as final under La. Code Civ. P. art. 1915(A). *See supra* note 3.

[6] We find that the Judgment, which awards Mr. Flettrich attorney's fees but does not set the amount of those fees, is a partial judgment which must be designated as appealable pursuant to La. Code Civ. P. art. 1915(B). *See Conrad v. McGowan Working Partners, Inc.*, 08–1251, p. 3 (La. App. 3 Cir. 11/12/08), 997 So.2d 872, 874–75 (judgment awarding attorney's fees but not setting the amount of those fees is a partial judgment that must be designated as final under Art. 1915(B)). The trial court, however, did not designate the Judgment as final and appealable "after an express determination that there [was] no just reason for delay." La. Code Civ. P. art. 1215(B). Absent any designation as a final judgment, it is an interlocutory judgment that is not appealable. We, therefore, lack appellate jurisdiction.

The proper procedural vehicle to seek review of an interlocutory judgment that is not immediately appealable is an application for supervisory writ. *Thrasher Constr., Inc. v. Gibbs Residential, L.L.C.*, 15–0607, p. 6 (La.App. 4 Cir. 6/29/16), 197 So.3d 283, 288; La. Code Civ. P. art. 2201.

---

(3) Grants a motion for summary judgment, as provided by Articles 966 through 969, but not including a summary judgment granted pursuant to Article 966(E).

(4) Signs a judgment on either the principal or incidental demand, when the two have been tried separately, as provided by Article 1038.

(5) Signs a judgment on the issue of liability when that issue has been tried separately by the court, or when, in a jury trial, the issue of liability has been tried before a jury and the issue of damages is to be tried before a different jury.

(6) Imposes sanctions or disciplinary action pursuant to Article 191, 863, or 864 or Code of Evidence Article 510(G).

4. La. Code Civ. P. art. 1915(B) states:
B. (1) **When a court renders a partial judgment** or partial summary judgment or sustains an exception in part, **as to one or more but less than all of the claims, demands, issues, or theories** against a party, whether in an original demand, reconventional demand, cross claim, third-party claim, or intervention, **the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.**
(2) **In the absence of such a determination and designation, any such order or decision shall not constitute a final judgment for the purpose of an immediate appeal** and may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties. [Emphasis added]

Under certain circumstances, this court has exercised its discretion to convert the appeal of an interlocutory judgment into an application for supervisory writ. *See e.g., In re Med. Review Panel of Williams v. EMSA Louisiana, Inc.*, 15–1178, p. 1 (La.App. 4 Cir. 10/21/16), 203 So. 3d 419, 424-25, 2016 WL 6135367, *3; *see also* La. Const. art. V, § 10(A). This court has exercised its discretion to do so when the following two circumstances are present: (1) the motion for appeal has been filed within the 30-day period allowed for the filing of an application for supervisory writs under Rule 4–3 of the Uniform Rules, Courts of Appeal; and (2) when the circumstances indicate that an immediate decision of the issue sought to be appealed is necessary to ensure fundamental fairness and judicial efficiency, such as where the reversal of the trial court's |₇decision would terminate the litigation. *Wadick v. Gen. Heating & Air Conditioning, LLC*, 14–0187, pp. 8–9 (La.App. 4 Cir. 7/23/14), 145 So.3d 586, 592–93, *writ denied*, 14–1913 (La. 11/21/14), 160 So.3d 972. Neither of those circumstances is present here.

First, the Gerber Trust's Motion for Devolutive Appeal was not filed within the 30-day period applicable to supervisory writs; thus, an application for a supervisory writ would not have been timely. Second, we note that permitting this appeal to proceed at this time will not terminate the litigation, and may result in a piecemeal appeal of this suit, given that the trial court is still required to quantify the amount of the attorney's fee award. Under these circumstances, we conclude that it is not appropriate to convert the appeal to an application for supervisory writ. Consequently, we dismiss the appeal.

## CONCLUSION

For the foregoing reasons, we conclude that we have no jurisdiction to review the December 15, 2014 Judgment granting Mr. Flettrich's Motion for Contractual Attorney's Fees because it is not a final, appealable judgment.

**APPEAL DISMISSED.**