**SUCCESSION OF CHARLES B. FANZ, JR.**

**NO. 2019-CA-0867**

**COURT OF APPEAL**

**FOURTH CIRCUIT**

**STATE OF LOUISIANA**

\* \* \* \* \* \* \*

APPEAL FROM
ST. BERNARD 34TH JUDICIAL DISTRICT COURT
NO. 118-442, DIVISION "DIVISION D"
Honorable Darren M Roy,
\* \* \* \* \* \*
**Judge Tiffany G. Chase**
\* \* \* \* \* \*

(Court composed of Judge Terri F. Love, Judge Regina Bartholomew-Woods, Judge Tiffany G. Chase)


William D. Treeby
Maggie A. Broussard
STONE PIGMAN WALTHER WITTMANN L.L.C.
909 Poydras Street, Suite 3150
New Orleans, LA 70112--4042

      COUNSEL FOR APPELLANT

Paul A. Tabary, III
Elizabeth Borne
TABARY AND BORNE, LLC
Three Courthouse Square
Chalmette, LA 70043

Patrick Shaw McGoey
Kyle D. Schonekas
Andrea V. Timpa
SCHONEKAS EVANS McGOEY & McEACHIN, L.L.C.
909 Poydras Street
Suite 1600
New Orleans, LA 70112

      COUNSEL FOR APPELLEE

                      **AFFIRMED**
                      **FEBRUARY 12, 2020**

Charles B. Fanz, III and Tammy Fanz (hereinafter "the co-executors") seek review of the trial court's May 15, 2019 judgment granting Ana Fanz's (hereinafter "Mrs. Fanz") motion for attorney's fees and ordering the Succession of Charles B. Fanz, Jr. to pay $75,966.92 in attorney's fees. After consideration of the record before this Court and the applicable law, we affirm the judgment of the trial court granting Mrs. Fanz's motion for attorney's fees and ordering payment of the attorney's fees from the succession.

## Facts and Procedural History

Charles B. Fanz, Jr. (hereinafter "decedent") executed a last will and testament on May 2, 2002. Decedent's last will and testament donated the Fanz Road property[1] to Mrs. Fanz. Decedent died on October 22, 2011, and succession proceedings were instituted shortly thereafter. Charles B. Fanz, III, Tammy Fanz, Mrs. Fanz, and Tanya Fanz were appointed co-executors of the estate.[2]

A 2005 donation *inter vivos*, discovered after the institution of the succession proceedings, donated the Fanz Road property to Charles Fanz, LLC, an

---

[1] The Fanz Road property is the marital residence of the decedent and Mrs. Fanz. *See Succession of Charles B. Fanz, Jr.*, 2019-0503, 2020 WL 476794 (La.App. 4 Cir. 1/29/20).

[2] Charles B. Fanz, III, Tammy Fanz and Tanya Fanz are the decedent's surviving children. Ana Fanz is the decedent's surviving spouse. *See Succession of Fanz*, 2016-0180 (La.App. 4 Cir. 12/16/16), 208 So.3d 422.

1

entity created by decedent prior to his death. The 2005 donation *inter vivos* was recorded on November 8, 2017. On January 30, 2018, the co-executors filed a motion to traverse the detailed descriptive list seeking to add the 2005 donation *inter vivos* executed by the decedent. In response, on March 7, 2018, the Schonekas Firm and Potts & Potts, APLC filed a petition for declaratory judgment seeking to annul the 2005 donation *inter vivos* and ordering cancelation of the inscription, on behalf of Mrs. Fanz.[3] By judgment dated December 27, 2018, the trial court granted Mrs. Fanz's petition for declaratory judgment and ordered the 2005 donation *inter vivos* cancelled, finding it was a relative simulation.[4]

On March 13, 2019, Mrs. Fanz filed a motion for attorney's fees and costs. She sought to have the attorney's fees, in the amount of $75,996.92, paid to the Schonekas Firm for work performed regarding the petition for declaratory judgment. Mrs. Fanz attached an affidavit from Patrick S. McGoey, an attorney with the Schonekas Firm.[5] The affidavit outlined the hourly rate charged by the law firm and included a description of the work performed on the matter. The motion was heard by the trial court on April 11, 2019. By judgment dated May 15, 2019, the trial court granted Mrs. Fanz's motion for attorney's fees and ordered the succession to pay $75,996.92. This appeal followed.

## Motion to Dismiss

After the appeal was filed, Mrs. Fanz filed a motion to dismiss the appeal, arguing the May 15, 2019 judgment is a non-final interlocutory judgment awarding

---

[3] Potts & Potts, APLC subsequently withdrew as counsel of record.

[4] The appeal of the judgment granting the petition for declaratory judgment was previously before this Court in a separate appeal. *See Succession of Charles B. Fanz, Jr.*, 2019-0503, 2020 WL 476794 (La.App. 4 Cir. 1/29/20).

[5] Also attached to the motion for attorney's fees and costs was the petition for declaratory judgment and the trial court judgment granting the petition for declaratory judgment.

interim attorney's fees. Mrs. Fanz maintains that the underlying succession remains open and has not concluded. Thus, she argues, the judgment is a non-appealable judgment and this Court lacks jurisdiction to hear this appeal.

La. C.C.P. art. 2974 provides that appeals from judgments rendered in succession proceedings are to be governed by the rules applicable to appeals in ordinary proceedings. As such, La. C.C.P. art. 1915 is applicable. La. C.C.P. art. 1915(A)(4)[6] provides:

> A final judgment may be rendered and signed by the court, even though it may not grant the successful party or parties all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:

> Signs a judgment on either the principal or incidental demand, when the two have been tried separately, as provided by Article 1038.[7]

The petition for declaratory judgment is a demand incidental to the main demand regarding the succession. Additionally, "[i]t is axiomatic that a judgment which disposes of all the issues between the parties is final and appealable." *Blake v. Blake*, 2012-0655, p. 6 (La.App. 4 Cir. 10/31/12), 103 So.3d 683, 686. However, a judgment granting attorney's fees that does not specify the amount of those fees, is not a final appealable judgment. *Andrew Paul Gerber Testamentary Tr. v. Flettrich*, 2016-0065, p. 5 (La.App. 4 Cir. 11/2/16), 204 So.3d 634, 638 (citing

---

[6] La. C.C.P. art. 1911(B) provides, pertinently, that "[a]n appeal may be taken from a final judgment under 1915(A) without the judgment being so designated."

[7] La. C.C.P. art. 1038:

> The court may order the separate trial of the principal and incidental actions, either on exceptions or on the merits; and after adjudicating the action first tried, shall retain jurisdiction for the adjudication of the other.

> When the principal and incidental actions are tried separately, the court may render and sign separate judgments thereon. When in the interests of justice, the court may withhold the signing of the judgment on the action first tried until the signing of the judgment on the other.

3

*Steele v. Compass Welding Co.*, 590 So.2d 1235, 1238 (La.App. 1 Cir. 1991)). The sole issue between the co-executors and Mrs. Fanz, regarding the current award of attorney's fees, is the party responsible for paying those fees. The judgment the co-executors are appealing provides: "[t]he Court awards attorney's fees and costs in the amount of $75,966.92, and directs these fees and costs be paid out of the Succession of Charles B. Fanz, Jr." The May 15, 2019 judgment grants Mrs. Fanz's request for attorney's fees and specifically provides the exact amount awarded. The judgment disposes of all the issues between the parties, regarding the current award of attorney's fees, and specifies the amount of those fees. Thus, we find that the judgment is a final appealable judgment pursuant to La. C.C.P. art. 1915(A)(4) and because it disposes of the issue of attorney's fees regarding the Schonekas Firm. Accordingly, the motion to dismiss is denied.

## Standard of Review

When the issue presented to this Court, on appeal, involves a question of fact, the manifest error standard of review applies. *Succession of Kansas*, 2017-0477, p. 3 (La.App. 4 Cir. 12/21/17), 234 So.3d 1090, 1092; *See also Succession of Haydel*, 606 So.2d 42, 45 (La.App. 4 Cir. 1992). The issue presented to this Court questions the party responsible for paying the attorney's fees accrued by Mrs. Fanz regarding the petition for declaratory judgment. This issue presents a question of fact. As such, the manifest error standard of review is applicable.

## Discussion

By their assignments of error, the co-executors argue that the trial court erred in ordering the succession to pay Mrs. Fanz's attorney's fees to the Schonekas Firm because the law firm represented Mrs. Fanz in her individual capacity and advocated for her personal interest, not the interest of the succession.

4

The co-executors maintain that Mrs. Fanz is the only party who would benefit in successfully challenging the 2005 donation *inter vivos* because the Fanz Road property would be donated to her as a result of the decedent's testament and the succession would not benefit. Conversely, Mrs. Fanz asserts that the Schonekas Firm was retained to specifically represent her in her capacity as co-executor and file the petition for declaratory judgment challenging the donation *inter vivos*. Thus, we must determine if Mrs. Fanz personally benefits, or the succession benefits, from the institution of the declaratory judgment proceeding.

"It has long been recognized in Louisiana law that an executor of a succession may obtain an attorney to aid in the carrying out of the executor's duties and to defend the succession against adverse claims made against it." *Succession of Fanz*, 2016-0180, p. 19, 208 So.3d at 434, (quoting *In re Succession of Brazan*, 2007-0566, p. 8 (La.App. 5 Cir. 12/27/07), 975 So.2d 53, 57). The cost of that legal representation may be charged to the succession. *Haydel*, 606 So.2d at 45. "Where legal representation is primarily for the personal benefit of the executor and not performed exclusively for the benefit of the estate, the attorney's fees may not be paid from the succession." *Succession of Vazquez*, 2007-0816, p. 8 (La.App. 4 Cir. 1/16/08), 976 So.2d 209, 215. However, there are certain exceptions applicable to this general rule. One exception is the legal representation associated with defending the decedent's testament. "The costs incurred in defending a testament from attack, including attorney fees, should generally be borne by the testator's succession." *Succession of Dorand*, 1994-1627, p. 6 (La.App. 4 Cir. 7/26/95), 659 So.2d 523, 526 (citing *Succession of Bradford*, 130 So.2d 702 (La.App. 2 Cir. 1961).

5

In the case *sub judice*, Mrs. Fanz maintains that she filed the petition for declaratory judgment to challenge the 2005 donation *inter vivos*. She asserts that the challenge benefits the succession because it was filed in response to the co-executors' attempt to have the Fanz Road property deemed separate from the succession. Conversely, the co-executors argue that the actions of Mrs. Fanz were only for her personal benefit because, if successful, the Fanz Road property remains in her possession.

The trial court determined that the 2005 donation *inter vivos* was invalid and this Court affirmed that decision. *See Succession of Charles B. Fanz, Jr.*, 2019-0503, p. 10, 2020 WL 476794 (La.App. 4 Cir. 1/29/20). As such, Mrs. Fanz successfully defended an attack on the property distribution. The challenge to the co-executor's attempts at removing the property from the estate benefits the succession because Mrs. Fanz defended the decedent's testament. It is well settled that it is the duty of the executor to defend the testament. *Succession of Dean*, 2017-0155, p. 22 (La.App. 1 Cir. 3/29/18), 247 So.3d 746, 761, *writ denied*, 2018-00679, (La. 9/14/18), 252 So.3d 479. Mrs. Fanz's attorney's fees were incurred as a result of her actions in defending the testament from the co-executors' attempt to have the Fanz Road property distributed in a manner different than as set forth in the decedent's testament. We find her actions in seeking to ensure that the testament is distributed in a manner desired by the decedent proper and not a personal interest.

Considering that Mrs. Fanz's challenge to the donation *inter vivos* was to guarantee distribution of the estate in accordance with the decedent's testament, we find her actions were for the benefit of the estate. Thus, the trial court did not err in ordering the attorney's fees paid from the succession.

6

## Conclusion

Based on the foregoing, we find the trial court did not err in ordering Mrs. Fanz's award of attorney's fees paid from the Succession of Charles B. Fanz, Jr. The judgment of the trial court granting Mrs. Fanz's motion for attorney's fees and ordering $75,966.92 in attorney's fees, to Schonekas Firm, paid from the succession is affirmed.

**AFFIRMED**