EARL A. ADAMS, JR. ET AL.      *      NO. 2025-C-0260

VERSUS      *      COURT OF APPEAL

CHEVRON USA INC. ET AL.      *      FOURTH CIRCUIT

     *      STATE OF LOUISIANA

     *

     *

* * * * * * *

**DYSART, J., DISSENTS WITH REASONS**

I respectfully dissent in part from the majority's opinion. I would grant the Grefers writ application in its entirety and reverse both the trial court's March 10, 2025 and March 24, 2025 judgments that taxed the Grefers with costs and attorney's fees and awarded the plaintiffs $27,408.36 in costs and $63,000.00 in attorney's fees.

There is no final judgment in this matter and an assessment of costs and attorney's fees would be premature at this point. Only "a judgment which disposes of all the issues between the parties is final and appealable." *Andrew Paul Gerber Testamentary Trust v. Flettrich*, 16-0065 (La. App. 4 Cir. 11/12/16), 204 So.3d 634, 637. Furthermore, there has been no finding of liability on the part of the Grefers and any taxing of costs and attorney's fees would be not only premature but also an abuse of discretion. Generally, a motion to tax costs is subject to an abuse of discretion review. *Barre-Williams v. Ware*, 20-0665, p. 3 (La. App. 4 Cir. 4/28/21), 365 So.3d 760, 768 (citing *Vela v. Plaquemines Parish Government*, 00-2224, p. 29 (La. App. 4 Cir. 3/13/02), 811 So.2d 1236, 1282).

The awarding of either attorney's fees or costs at this stage of litigation (where discovery is not even complete) also has the potential of creating a strange paradox where the Grefers could actually be successful in the ultimate case, yet

taxed with costs from a preliminary stage of the litigation between the parties. As such, I believe the trial court abused its discretion in taxing costs against the Grefers at this time.