WHIPPLE, J.
|2The defendant, Loretta St. Pierre, appeals a judgment which declared that she and her ex-husband, Anthony St. Pierre, operated under a community property regime during their marriage. For the following reasons, we dismiss the appeal and remand the case for further proceedings in the trial court.
FACTS AND PROCEDURAL HISTORY
Loretta St. Pierre and Anthony St. Pierre were married on October 1, 1999, after residing together for at least seven years. On August 4, 2006, Mr. St. Pierre filed a petition for divorce, and by judgment dated December 11, 2006, the parties were divorced.
On September 7, 2007, the trial court conducted a hearing to determine the classification of the parties’ property as community, and thus subject to partition, or separate. At the close of the hearing, after receiving testimony and argument, the trial court concluded that the parties operated under a community property regime during their marriage. Thereafter, in a judgment dated November 15, 2007, the trial court, based on an oral stipulation of the parties, set forth the assets acquired and debts incurred during the parties’ marriage. In the judgment, the trial court further set a formal hearing relative to valuation of the listed items and any other items inadvertently omitted from the list.
On March 10, 2008, Ms. St. Pierre filed a “Motion to Recons[id]er Former Denial of Plaintiffs [sic] Request that this Court Find No Community of Acquets and Gains Existed During the Marriage of the Parties.” In her motion, Ms. St. Pierre contended that she and Mr. St. Pierre had entered into an oral stipulated agreement that there would be no |scommunity of acquets and gains established during their marriage and that the parties had acted in conformity with that agreement.
A hearing on the motion was conducted on March 20, 2008, after which the trial court, in written reasons for judgment, again found that the parties were subject to a community property regime. By judgments dated April 30, 2008 and May 15, 2008, the trial court held that it had entered judgment as “set forth and outlined in the Written Reasons for Judgment,” which were appended to both judgments as “Exhibit A.” Ms. St. Pierre then instituted this appeal.[1]
*371 Subsequently, by order dated January 23, 2009, this court, ex proprio motu, issued a rule to show cause as to why the appeal should not be dismissed on the basis that the judgment appealed from did not identify against whom it was rendered or what relief was awarded to whom and did not contain appropriate decretal language. Although the appeal was thereafter dismissed by this court on March 19, 2009, this court, on application for rehearing by the defendant, ordered that the appeal be remanded for the limited purpose of having the trial court sign a valid written judgment including appropriate language as required by LSA-C.C.P. art. 1918. In so ordering, this court also stated as follows:
|4We also note that any judgment would be a partial judgment under La.Code Civ. P. art. 1915B and would require appropriate certification in the discretion of the trial court in order to be appealable. [Emphasis added.]
On remand, the trial court then signed a judgment dated August 11, 2009, in favor of Mr. St. Pierre, declaring that the parties operated under a community property regime during their marriage. The judgment further provides: “This Court certifies the judgment as final and appealable, in consideration of the prior stipulation of the parties and the R.J. Messinger, Inc. v. Rosenblum factors, 894 So.2d 1113, 1122 ( [La.]5/2/05).” After this court received the August 11, 2009 judgment, containing de-cretal language, another panel of this court recalled the rule to show cause by order dated September 17, 2009, given the trial court’s inclusion of decretal language on remand. The matter was then assigned for docketing.
APPELLATE JURISDICTION
Louisiana Code of Civil Procedure article 1841 provides:
A judgment is the determination of the rights of the parties in an action and may award any relief to which the parties are entitled. It may be interlocutory or final.
A judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment.
A judgment that determines the merits in whole or in part is a final judgment.
The trial court’s August 11, 2009 judgment, which simply declared that the parties operated under a community property regime during their marriage, is clearly a partial judgment. While the duty panel of this court recalled the rule and maintained this appeal upon receipt of a judgment containing decretal language, the concurrent jurisdictional issue of whether this partial judgment is a final judgment for purposes of immediate appeal must also be considered.
| ^Whether a partial judgment is appeal-able is determined by examining the requirements of LSA-C.C.P. art. 1915. Louisiana Code of Civil Procedure article 1915(B)(1) provides that when a court renders a partial judgment as to “one or more but less than all of the claims, demands, issues, or theories,” presented in an action, that judgment shall not constitute a final judgment, and thus shall not be immediately appealable, “unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.” (Emphasis added). This provision attempts to strike a balance between the undesirability of *372 piecemeal appeals and the need for making review available at a time that best serves the needs of the parties. R.J. Messinger, Inc. v. Rosenblum, 2004-1664 (La.3/2/05), 894 So.2d 1113, 1122.
Although the Louisiana Supreme Court has specifically held that the trial court should give explicit reasons, either oral or written, for its determination, the Court has also noted that the trial court’s failure to state the explicit reasons for its determination that there is no just reason for delay does not allow the appellate court to summarily dismiss an appeal of a judgment that has been designated as final under LSA-C.C.P. art. 1915(B). R.J. Messinger, Inc., 894 So.2d at 1122. However, where, as here, the trial court has designated a partial judgment as final under LSA-C.C.P. art. 1915(B)(1) without giving express reasons why there is no just reason to delay the appeal, the appellate court must make a de novo determination of whether the certification was proper. R.J. Messinger, Inc., 894 So.2d at 1122.
Further, in conducting a de novo review in matters where the trial court fails to give explicit reasons for the designation, courts of appeal can consider the same criteria used by the trial court, which include: (1) the | (¡relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the trial court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; and (4) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like. R.J. Messinger, Inc., 894 So.2d at 1122.
Ms. St. Pierre requested in the court below a reconsideration of the trial court’s earlier determination that the parties operated under a community property regime during their marriage. In the trial court below and in this appeal, Ms. St. Pierre argues that the trial court should have found that the parties operated under a separate property regime because the parties had orally agreed to be separate in property and had acted in accordance with that agreement throughout the marriage. The judgment now before us merely reaffirms the trial court’s earlier determination that, given the absence of compliance with LSA-C.C. art. 2331, a community property regime existed between the parties. However, the judgment before us does not address or resolve the closely related issues of whether an accounting is due, and by whom; what is the proper valuation of the assets of the community; or what is the proper division and allocation of the community assets and liabilities between the parties. An effective remedy is available to Ms. St. Pierre (or Mr. St. Pierre) once the trial court renders a judgment partitioning the parties’ assets and liabilities.
While the learned trial judge was obviously attempting to accommodate the wishes of the parties herein in certifying the judgment as immediately appealable in order to obtain review of the trial court’s interpretation of the meaning of LSA-C.C. art. 2331, to permit an appeal of 17such a judgment would encourage multiple appeals and piecemeal litigation and would prohibit expeditious disposition of community property cases. Accordingly, we find, upon de novo review of the entire matter before us, that the trial court’s designation of the judgment as final, while well-intentioned, was improper. Thus, we dismiss Ms. St. Pierre’s appeal and remand this matter to the trial court for further proceedings.
*373 CONCLUSION
For the above and foregoing reasons, we dismiss the appeal taken from the August 11, 2009 judgment, which we find is a partial judgment not subject to immediate appeal. This matter is hereby remanded for further proceedings. Costs of this appeal are assessed against Loretta St. Pierre.
APPEAL DISMISSED; REMANDED.
HUGHES, J., dissents with reasons.

. The April 30, 2008 and May 15, 2008 judgments are identical except that the April 30, 2008 judgment had not been signed by Ms. St. Pierre's counsel as having been also submitted by him. Although counsel for Ms. St. Pierre had not signed the judgment, the April 30, 2008 judgment was signed by the trial court and, thus, was a valid judgment. See generally LSA-C.C.P. arts. 1911 and 1914(B). Accordingly, the subsequently signed May 15, 2008 judgment, which was identical in substance to the earlier judgment, was superfluous and unnecessary, and, consequently, invalid. See State v. One (1) 1991 Pontiac Trans Sport Van, VIN # 1GMCU06D3MT208532, 98-64 (La.App. 5th Cir.7/9/98), 716 So.2d 446, 448. Nonetheless, given that both judgments were identical, it is apparent that ’ Ms. St. Pierre intended to appeal from the valid April 30, 2008 judgment. Additionally, given the obvious lack of prejudice due to Ms. St. Pierre's misstatement of the date of the judgment she intended to appeal, we conclude that this misstatement does not provide a basis for dismissal of this appeal, which was timely taken from the earlier April 30, 2008 judgment. See State, Department of Transportation & Development v. Estate of Summers, 527 So.2d 1099, 1101-1102 (La.App. 1st Cir. *371 1988), and Greenfield v. Lykes Brothers Steamship Company, 2002-1377 (La.App. 1st Cir.5/9/03), 848 So.2d 30, 33.