McClendon, j.
 

 |?The plaintiff, Gregory William Tramon-tin, appeals several interlocutory rulings that the trial court designated as final pursuant to LSA-C.C.P. art. 1915(B). For the following reasons, we dismiss the appeal and remand this matter for further proceedings in the trial court.
 

 FACTS AND PROCEDURAL HISTORY
 

 Gregory William Tramontin and Brenda Boyett Keith were married on December 30, 1994. On May 20,1998, Mr. Tramontin filed a petition for divorce pursuant to LSA-C.C. art. 102, which contemplates a prospective six-month physical separation. On December 9, 1998, Mr. Tramontin amended his petition, alleging that he and Ms. Keith had been living separate and apart, without reconciliation in excess of six months and that he was “therefore entitled to an absolute divorce based upon [LSA-C.C.] Article 103.”
 
 [1]
 

 On December 16, 1998, Ms. Keith filed an answer to the amended petition, admitting that she and Mr. Tramontin had lived separate and apart in excess of six months and that Mr. Tramontin was entitled to a divorce pursuant to LSA-C.C. art. 103. That same day, the trial court signed a judgment of divorce “based on the parties having lived separate and apart for a period in excess of six (6) months.”
 

 Throughout the latter half of 1998, Mr. Tramontin and Ms. Keith discussed and negotiated the partition of the couple’s community property. One key issue in those discussions was shares of stock and stock options in USAgencies, Inc., a company founded by Mr. Tramontin.
 

 On January 14,1999, Mr. Tramontin and Ms. Keith settled and divided their community property and agreed to “fully and forever compromise, discharge and release each party from any further accounting or claim, demand or cause of action against the other party.” According to their partition |sagreement, Ms. Keith was to receive 100,000 shares of U.S. Agencies, Inc. stock, while Mr. Tramontin was to receive all remaining shares of U.S. Agencies, Inc. stock, as well as “[a]ll interest and claim to all U.S. Agencies, Inc. stock options ...
 
 *709
 
 issued to or which may be in the future issued to [Mr. Tramontin].” On February 10, 1999, the trial court signed a “Judgment Homologating Community Property Agreement,” finding the parties’ agreement “fair and equitable to both parties” and making the agreement the judgment of the court.
 
 [2]
 

 On January 15, 2002, Ms. Keith filed a petition to rescind the partition agreement and to nullify the February 14, 1999 judgment. Therein, she alleged that the agreement should be rescinded on grounds of lesion and fraud. Specifically, Ms. Keith alleged that she was misled by Mr. Tramontin and his attorney regarding the stock and stock options owned by Mr. Tra-montin. She also alleged that she received less than one-fourth of the total of the community property. Ms. Keith prayed that a judgment be rendered nullifying the February 14, 1999 judgment and partitioning the community property equally.
 

 Mr. Tramontin filed an exception of per-emption, asserting that plaintiffs claim had been perempted under LSA-C.C.P. art. 2004 because the action to annul the judgment had not been “brought within one year of the discovery by the plaintiff in the nullity action of the fraud or ill practices.” Following a hearing, the trial court overruled the exception, finding that “Ms. Keith testified that she did not discover the falsity of these representations more than a year prior to filing suit.”
 
 [3]
 

 In response to motions for partial summary judgment filed by Ms. Keith, the trial court determined that the parties’ community terminated retroactively to the filing date of the amended petition for divorce pursuant to LSA-C.C. art. 103, | ¿that 500,000 shares of USAgeneies stock were community property, and that the 780,788 stock options were community property.
 
 [4]
 

 Thereafter, the parties proceeded to trial solely on the issue of fraud and ill practices. On August 20, 2008, following a four-day trial, the trial court, finding that Mr. Tramontin and his attorney committed fraud against Ms. Keith, signed a judgment rescinding the partition agreement and annulling the Judgment of Homolo-gation. The judgment also denied Mr. Tramontin’s re-urged exception of peremption and further ordered that each party provide a detailed descriptive list of all property, debts and claims, community and separate, in accordance with LSA-R.S. 9:2801,
 
 et seq.
 

 Following its denial of Mr. Tramontin’s motion for new trial, the court found “no just reason for delay” and ordered its judgments “rescinding the Partition of the Community Property Agreement; nullifying the Judgment of Homologation; overruling Mr. Tramontin’s exceptions of Prescription and Peremption; granting the Plaintiffs motions for partial summary judgment on ownership of the stock and stock options in USAgeneies, Inc.; resetting the termination date of the community property regime; and any other interlocu
 
 *710
 
 tory rulings” as final for purposes of appeal.
 

 Mr. Tramontin has appealed, assigning the following as errors:
 

 1. The family court denied Mr. Tra-montin’s exception of peremption on the basis that Ms. Keith discovered the allegedly false statements within a year of filing her claim. This ruling was erroneous because the facts demonstrate Ms. Keith either knew, or should have known through the exercise of reasonable diligence, sufficient facts to put her on reasonable notice of her claims no later than two years prior to bringing the instant suit.
 

 2. The family court annulled the prior judgment and rescinded the parties’ partition on the basis of fraud and ill practices. This ruling was erroneous because the testimony and evidence establish that Ms. Keith was aware of the factual issues relating to the community property and that she could have discovered the relevant facts without “difficulty, inconvenience, or special | ¡¡skill” by, among other ways, following through with her discovery requests.
 

 3. The family court suggested that Thomas Gibbs, Mr. Tramontin’s lawyer, was Ms. Keith’s “trusted friend” such that she could rely on his representations to avoid her duty to investigate the facts. This was erroneous because a party cannot have a “relation of confidence” with opposing counsel, and Ms. Keith did not actually rely on what Mr. Gibbs told her.
 

 4. The family court ruled that the parties’ community property regime terminated on December 9, 1998. This ruling was erroneous, because the community should have terminated on May 20, 1998, the date of filing of the Original Petition in the action in which the judgment of divorce is rendered.
 

 5.The family court ruled that all stock options
 
 granted
 
 to Mr. Tramontin effective September 1, 1998 were community property. This ruling was erroneous because it is undisputed that a substantial portion of the options
 
 vested
 
 after the termination of the community.
 

 DISCUSSION
 

 This appeal was taken from various interlocutory rulings, which the trial court certified as final pursuant to LSA-C.C.P. art. 1915(B). Louisiana Code of Civil Procedure art. 1915(B) provides:
 

 (1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories, whether in an original demand, reconventional demand, cross-claim, third party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.
 

 (2) In the absence of such a determination and designation, any order or decision which adjudicates fewer than all claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties and shall not constitute a final judgment for the purpose of an immediate appeal. Any such order or decision issued may be revised at any time prior to rendition of a judgment adjudicating all the claims and the
 
 *711
 
 rights and liabilities of all the parties.
 

 In order to assist the appellate courts in its review of designated final judgments, the trial court should give explicit reasons, either oral or written, for its determination that there is no just reason for delay.
 
 R.J. Messinger, Inc. v. Rosenblum,
 
 04-1664, p. 13 (La.3/2/05), 894 So.2d 1113, 1122. However, if the trial court fails to do so, the appellate court cannot summarily dismiss the appeal. When no reasons are given but some justification is apparent from the | Brecord, the appellate court should make a
 
 de novo
 
 determination of whether the certification was proper. If after examination of the record the propriety of the certification is not apparent, the appellate court may request a
 
 per curiam
 
 from the trial court judge, or issue a rule to show cause to the parties requiring them to show why the appeal should not be dismissed.
 
 R.J. Messinger, Inc.,
 
 04-1664, pp. 13-14, 894 So.2d 1122.
 

 Upon lodging of the record, this court,
 
 ex proprio motu,
 
 issued a show cause order, noting that it appears that the August 20, 2008 judgment is not a final judgment.
 
 [5]
 
 The parties were directed to show cause by briefs on or before February 9, 2010, whether the appeal should or should not be dismissed. Although a duty panel made a preliminary determination to maintain the appeal, we are empowered and elect to fully consider the propriety of the trial court’s designation of finality in connection with our duty to review the merits of the appeal, pursuant to LSA-C.C.P. art. 2164.
 

 Although the trial court designated the judgment rescinding the community property agreement and nullifying the judgment of homologation, along with prior interlocutory rulings on motions for partial summary judgment and the denial of Mr. Tramontin’s exception of peremption, as final judgments, no reasons were given for the designations. Accordingly, we review the propriety of the designations
 
 de novo,
 
 considering the following criteria set forth by the Louisiana Supreme Court in
 
 R.J. Messinger, Inc.:
 

 1) The relationship between the adjudicated and unadjudicated claims;
 

 2) The possibility that the need for review might or might not be mooted by future developments in the trial court;
 

 3) The possibility that the reviewing court might be obliged to consider the same issue a second time; and
 

 4) Miscellaneous factors such as delay, economic solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.
 

 04-1664 at p. 14, 894 So.2d at 1122.
 

 17Mr. Tramontin urges that the trial court has resolved one of the key issues in this matter insofar as it has found that the judgment was secured through fraud or ill practices. Mr. Tramontin posits that it is unlikely that any future developments in the trial court will moot the need for review of this issue, because the trial court has moved forward to re-partition proceedings and is no longer addressing the fraud or ill practices, which Mr. Tramontin asserts is akin to a finding of liability.
 
 See
 
 LSA-C.C.P. art. 1915(A)(5). Mr. Tramon-tin urges that if this court were to reverse this finding of “liability,” it would terminate the litigation. Moreover, Mr. Tra-montin argues that the issue of peremption is directly related to “liability” and if Ms. Keith’s claims are perempted, her claims
 
 *712
 
 to annul the homologated judgment fail and there is no need for a re-partition.
 

 We disagree. Contrary to Mr. Tramon-tin’s contention, LSA-C.C.P. art. 1915(A) is not applicable in this case insofar as the issue of liability and damages have not been bifurcated for separate trials as contemplated by LSA-C.C.P. 1915(A)(5). Rather, there has been a single trial on the issue of fraud, which resulted in the rescission of the community property partition and the annulment of the judgment homol-ogating same. The August 20, 2008 judgment on appeal, however, is not determinative of the entirety of the merits of the claims between the parties, because a community property partition has yet to be effected. Notwithstanding that a re-partition has not been effected, we note that even if we were to conclude that the trial court’s finding of fraud was erroneous, we cannot address the action for lesion at this time and this matter would have to be remanded to the trial court to address same.
 

 In the alternative, if we were to affirm the trial court’s finding of fraud, we could not address the denial of Mr. Tramontin’s exception pleading peremption on that issue because it was improperly certified as a final judgment.
 
 See
 
 LSA-C.C.P. art. 1915(B)(1) and
 
 Peak Performance Physical Therapy & Fitness, LLC v. Hibernia Corp.,
 
 07-2206, p. 6, (La.App. 1 Cir. 6/6/08), 992 So.2d 527, 530,
 
 writ denied,
 
 08-1478 (La.10/3/08), 992 So.2d 1018 (Despite a designation by the trial court, “it is well settled that a judgment overruling a peremptory 1 sexception of prescription is an interlocutory judgment and not appeal-able.”) Rather, Mr. Tramontin is entitled to seek review of all adverse interlocutory judgments prejudicial to him when an unrestricted appeal is taken from a final judgment.
 
 Peak Performance Physical Therapy & Fitness, LLC,
 
 07-2206 at p. 6, 992 So.2d at 531.
 

 The trial court also certified as final its judgments granting Ms. Keith’s motions for partial summary judgment on ownership of the stock and stock options in USAgencies, Inc. and setting the termination date of the community property regime, although these issues had been decided months prior to the trial court’s designation. We note that there is no time delay for filing a motion to certify a judgment as final, and the delay for appealing an interlocutory judgment that has been certified begins to run from the day the notice of the certification order is mailed.
 
 Fraternal Order of Police v. City of New Orleans,
 
 02-1801, pp. 3-5 (La.11/8/02), 831 So.2d 897, 899-900. Accordingly, the appeal on these issues appears timely insofar as the appeal was taken within the requisite delays from the date the notice of the certification order was mailed. Although the referenced interlocutory rulings were specifically mentioned in the trial court’s order, the trial court further ordered that “any other interlocutory rulings” were also final for purposes of immediate appeal. However, we caution against such overly broad certifications because, as noted above, not all interlocutory rulings may be certified as final under LSA-R.S.1915(B). Rather, the trial court should identify, with particularity, the specific rulings that are subject to the 1915(B) designation.
 

 Any ruling with regard to the termination date of the community does not necessarily resolve the issue of whether the entirety of the stock and stock options were community property. Also, although Mr. Tramontin asserts in his appellate brief that the stock in USAgencies, Inc. was not community property, Mr. Tramon-tin did not assign that specific issue as error. Rather, the ^assignments only address the classification of the stock op
 
 *713
 
 tions.
 
 [6]
 
 Moreover, although the written reasons with regard to the stock and stock options appear in the record, the trial court’s written judgments do not.
 
 [7]
 
 Appeals lie from final judgments, not written reasons for judgment.
 
 See Hains v. Hains,
 
 09-1337, p. 17 (La.App. 1 Cir. 3/10/10), 36 So.3d 289, 301 [“Thus, where there are only written reasons and no separate signed judgment, there is no final judgment.”] Assuming that we could consider whether the stock and stock options were properly classified as community, to permit an appeal of these judgments would encourage multiple appeals and piecemeal litigation and would prohibit expeditious disposition of community property cases.
 
 See St. Pierre v. St. Pierre,
 
 08-2475, pp. 6-7 (La.App. 1 Cir. 2/12/10), 35 So.3d 369, 372,
 
 writ not considered,
 
 10-0587 (La.3/17/10), 29 So.3d 1243. In
 
 St. Pierre,
 
 this court dismissed an appeal which sought review of a trial court’s judgment finding that a community property regime existed, noting that “[a]n effective remedy is available ... once the trial court renders a judgment partitioning the parties’ assets and liabilities.”
 
 St. Pierre v. St. Pierre,
 
 08-2475 at p. 6, 35 So.3d at 372.
 

 Accordingly, based on our
 
 de novo
 
 review of this matter and consideration of the factors set forth in
 
 R.J. Messinger, Inc.,
 
 we find that the trial court’s designation of these interlocutory rulings as final was improper. As such, we dismiss Mr. Tramontin’s appeal and remand this matter to the trial court for further proceedings.
 

 Additionally, we note that Ms. Keith filed a motion to strike improper content in Mr. Tramontin’s brief insofar as she believed he made representations that were not based upon anything in the record. Ms. Keith also filed a motion to supplement the appellate record with documents she indicated “are missing |infrom the appellate record.” Because we are dismissing the appeal and have not reached the merits, we also dismiss the referenced motions as moot.
 

 CONCLUSION
 

 For the foregoing reasons, we dismiss the appeal taken from the August 20, 2008 judgment and from the prior interlocutory rulings granting Ms. Keith’s motions for partial summary judgment with regard to the ownership of the stock and stock options and determining the termination date of the community property regime. Moreover, Ms. Keith’s motion to strike and motion to supplement the appellate record are dismissed as moot. Costs of this appeal are assessed against Mr. Tramontin.
 

 APPEAL DISMISSED. MOTION TO STRIKE AND MOTION TO SUPPLEMENT THE APPELLATE RECORD DISMISSED AS MOOT.
 

 [1]
 

 . Mr. Tramontin had previously filed an amended petition on November 18, 1998 that sought the same relief requested in his December 9, 1998 amended petition. However, apparently realizing that the requisite six-month time period had not lapsed at the time the November 18, 1998 pleading was filed, Mr. Tramontin cured the possible defect by filing the latter amended petition.
 

 [2]
 

 . We note that there was no hearing in connection with the signing of the judgment.
 

 [3]
 

 . On January 8, 2006, the trial court issued its written reasons for judgment denying Mr. Tramontin’s exception. A written judgment denying the exception was signed on February 13, 2006.
 

 [4]
 

 . On January 16, 2008, the trial court issued its written reasons granting Ms. Keith’s motion for partial summaiy judgment with regard to the termination date of the community and with regard to the classification of the stock. On April 22, 2008, the trial court issued its written reasons granting Ms. Keith’s motion for partial summary judgment with regard to the classification of the stock options.
 

 [5]
 

 . The rule to show cause did not refer to any other prior interlocutory ruling.
 

 [6]
 

 . However, we note that the Code of Civil Procedure does not require assignments of error in any appeal.
 
 See
 
 LSA-C.C.P. art. 2129. Also, the appellate court is required to render any judgment which is just, legal, and proper upon the record on appeal.
 
 See
 
 LSA-C.C.P. art. 2164.
 

 [7]
 

 . We also note that these orders or decisions may be revised by the trial court at any time prior to the rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties. LSA-C.C.P. art. 1915(B)(2).