NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBER 2020 CA 0849

TAMI JERRIE TURNLEY

VERSUS

JOSEPH CHAD TURNLEY

Judgment Rendered: APR 2 9 2021

Appealed from the
Family Court
In and for the Parish of East Baton Rouge, Louisiana
Docket Number F209536, Division "A"
Honorable Pamela J. Baker, Judge Presiding

\*\*\*\*\*\*\*\*\*\*\*\*\*

Lisa L. Boudreaux
Baton Rouge, LA

Counsel for Plaintiff/Appellee,
Tami Jerrie Turnley

Brian J. Prendergast
Baton Rouge, LA
and
David M. Prados
New Orleans, LA

Counsel for Defendant/Appellant,
Joseph Chad Turnley

BEFORE: WHIPPLE, C.J., WELCH, AND CHUTZ, JJ.

**WHIPPLE, C.J.**

In this divorce and community partition matter, the husband appeals the trial court's April 16, 2020 judgment, which declared a Declaration of Separate Property with Reservation of Fruits and Revenues to be invalid and unenforceable. For the following reasons, we dismiss the appeal.

## FACTS AND PROCEDURAL HISTORY

On September 5, 2001, two days prior to the parties' marriage, Joseph Chad Turnley and Tami Jerrie Turnley signed a "Declaration of Separate Property with Reservation of Fruits and Revenues with Concurrence and Acknowledgement" ("the September 5, 2001 Declaration"), through which Mr. Turnley sought to declare the separate nature of his interest in several corporations as well as all fruits and revenues that may be derived therefrom. The September 5, 2001 Declaration was signed by a notary public, but was not signed before two witnesses.

Both Mrs. Turnley and Mr. Turnley subsequently filed petitions for divorce, with Mrs. Turnley filing her petition on June 9, 2017, and Mr. Turnley filing his petition on May 9, 2019. By judgment dated July 2, 2019, the parties were divorced.[1]

Thereafter, Mrs. Turnley filed a Petition for Partition, in which she averred that Mr. Turnley's September 5, 2001 Declaration was invalid in that it was not an authentic act or an act under private signature duly acknowledged and, further, was not filed in the conveyance records. Thus, she contended that the fruits and revenues of Mr. Turnley's separate property acquired during the community were community assets to be divided between the parties.

---

[1] The trial court also signed a Stipulated Judgment on April 17, 2019, which provided, in part, that "IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that a Judgment shall issue decreeing a separation of property between the parties retroactive to the date of filing the *Petition for Divorce* of June 8, 2017 pursuant to Louisiana Civil Code Article 2374(C)."

2

Given the dispute between the parties as to the classification of the fruits and revenues of Mr. Turnley's separate property, Mrs. Turnley filed in these proceedings a petition for declaratory judgment, seeking a declaration that the September 5, 2001 Declaration was invalid for lack of conformity with the requirements of LSA-C.C. art. 2339.

Following a hearing on the matter, where evidence and testimony were taken, the trial court signed the April 16, 2020 judgment, declaring the September 5, 2001 Declaration to be invalid and unenforceable. Mr. Turnley then filed the instant appeal.[2]

## DISCUSSION

Appellate courts have the duty to examine subject matter jurisdiction *sua sponte*, even when the parties do not raise the issue. Nicaud v. Nicaud, 2016-1531 (La. App. 1st Cir. 9/15/17), 227 So. 3d 329, 330. The appellate jurisdiction of this court extends to final judgments. See LSA-C.C.P. arts. 1911(B), 1915, & 2083(A). Pursuant to LSA-C.C.P. art. 1871, a declaratory judgment "shall have the force and effect of a final judgment or decree." However, LSA-C.C.P. art. 1877 further provides that "[a]ll orders, judgments, and decrees under Articles 1871 through 1883 may be reviewed as other orders, judgments, and decrees." A judgment that only partially determines the merits of the action is a partial final judgment and is appealable only if authorized by LSA-C.C.P. art. 1915. Boutte v. Meadows, 2013-1189 (La. App. 1st Cir. 2/18/14), 2014 WL 651754, *3 (unpublished).

The principal claim at this stage in these proceedings is the claim for partition of the parties' former community property. The April 16, 2020 judgment at issue does not partition the former community property, but, instead, merely

---

[2]The judgment on appeal also ordered Mr. Turnley to provide Mrs. Turnley an advance of $25,000.00, with full reservation of all rights to be addressed when the former community property is partitioned; however, Mr. Turnley seeks review of only the portion of the judgment declaring the September 5, 2001 Declaration.

3

declares invalid and unenforceable the September 5, 2001 Declaration, through which Mr. Turnley sought to declare the fruits and revenues of his separate property accruing during the community to be his separate property. Thus, the April 16, 2020 judgment on appeal is not determinative of the entirety of the merits of the claims between the parties, because a community property partition has yet to be effected. See Tramontin v. Tramontin, 2010-0060 (La. App. 1st Cir. 12/22/10), 53 So. 3d 707, 712. Accordingly, the judgment constitutes a partial judgment that is appealable only if authorized by LSA-C.C.P. art. 1915. See Fils v. Allstate Insurance Company, 2015-0360 (La. App. 1st Cir. 12/23/15), 2015 WL 9435273, *4 (unpublished); see also St. Pierre v. St. Pierre, 2008-2475 (La. App. 1st Cir. 2/12/10), 35 So. 3d 369, 371-372, writ not considered, 2010-0587 (La. 3/17/10), 29 So. 3d 1243 (trial court's judgment, which simply declared that the parties operated under a community property regime during their marriage was a partial judgment, which this court determined was improperly designated as a final judgment for purposes of immediate appeal pursuant to LSA-C.C.P. art. 1915(B)); see also Tramontin, 53 So. 3d at 709-712 (trial court's judgment, which in part rescinded a Partition of Community Property Agreement, but which did not re-partition the former community property of the parties, was a partial judgment, which this court determined was improperly designated as final for purposes of immediate appeal pursuant to LSA-C.C.P. art. 1915(B)).

A partial judgment is a final judgment that is immediately appealable if it falls into one of the categories under LSA-C.C.P. art. 1915(A), including a judgment that: (1) dismisses the suit as to less than all of the parties, defendants, third party plaintiffs, third party defendants, or intervenors; (2) grants a motion for judgment on the pleadings, as provided by Articles 965, 968, and 969; (3) grants a motion for summary judgment, as provided by Articles 966 through 969, but not including a summary judgment granted pursuant to Article 966(E); (4) determines

4

either the principal or incidental demand, when the two have been tried separately, as provided by Article 1038; (5) determines the issue of liability when that issue has been tried separately by the court, or when, in a jury trial, the issue of liability has been tried before a jury and the issue of damages is to be tried before a different jury; or (6) imposes sanctions or disciplinary action pursuant to LSA-C.C.P. arts. 191, 863, or 864 or LSA-C.E. art. 510(G). A partial judgment that is not included in one of these categories is not a final judgment unless it is properly designated as "final" by the court after an express determination that there is no just reason for delay. LSA-C.C.P. arts. 1911(B) & 1915(B); Boutte, 2014 WL 651754 at *3.

Pursuant to LSA-C.C.P. art. 1915(B)(1), when a court renders a partial judgment as to "one or more but less than all of the claims, demands, issues, or theories" presented in an action, that judgment shall not constitute a final judgment and, thus, shall not be immediately appealable, "unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay." In the absence of such a determination and designation, any such order or decision shall not constitute a final judgment for the purpose of an immediate appeal and may be revised at any time prior to rendition of the judgment adjudicating all of the claims and the rights and liabilities of the parties. LSA-C.C.P. art. 1915(B)(2).

A review of the April 16, 2020 judgment on appeal demonstrates that it does not fall into any of the categories of partial final judgments set forth in LSA-C.C.P. art. 1915(A). Moreover, the judgment on appeal does not contain a designation that it is final for purposes of immediate appeal pursuant to LSA-C.C.P. art. 1915(B)(1). Thus, the April 16, 2020 judgment is not a final judgment, and this court lacks subject matter jurisdiction to review it on appeal. See Joseph v. Ratcliff, 2010-1342 (La. App. 1st Cir. 3/25/11), 63 So. 3d 220, 224.

5

We also decline to exercise our plenary power of supervisory jurisdiction, as the merits of the instant case do not meet the criteria set forth by the Louisiana Supreme Court in Herlitz Constuction Company, Inc. v. Hotel Investors of New Iberia, Inc., 396 So. 2d 878 (La. 1981) (per curiam).

## CONCLUSION

For the above and foregoing reasons, the appeal of the trial court's April 16, 2020 judgment is dismissed. Costs of this appeal are assessed against appellant, Joseph Chad Turnley.

**APPEAL DISMISSED.**

| TAMI JERRIE TURNLEY | FIRST CIRCUIT |
| --- | --- |
| | COURT OF APPEAL |
| VERSUS | STATE OF LOUISIANA |
| JOSEPH CHAD TURNLEY | NO. 2020 CA 0849 |

CHUTZ, J., dissenting.

I respectfully dissent from the dismissal of this appeal on jurisdictional grounds without a review of the merits. The majority correctly notes that this court lacks appellate jurisdiction to review the judgment at issue because it is a partial judgment that does not fall into any of the categories of immediately appealable partial final judgments delineated in La. C.C.P. art. 1915(A) and it lacks a certification of finality under La. C.C.P. art. 1915(B). Nevertheless, the judgment declaring the "Declaration of Separate Property with Reservation of Fruits and Revenues" (the Declaration) entered into by the parties to be invalid involves an issue crucial to the partition of the community property belonging to the parties. In the interests of judicial efficiency and economy, I believe this court should exercise its discretion to convert this matter to an application for a supervisory writ and review the judgment pursuant to our supervisory jurisdiction, particularly since the result reached by the trial court is arguably incorrect. To do otherwise risks a potential waste of the time and expense incurred by the trial court in partitioning the community property based upon its arguably incorrect determination that the Declaration is invalid.