STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2023 CA 1210

MELISSA DANIELLE SINCLAIR

VERSUS

SETH D. SINCLAIR

Judgment Rendered: JUL 2 3 2024

* * * * *

On Appeal from the
Family Court of East Baton Rouge
In and for the Parish of East Baton Rouge
State of Louisiana
Trial Court No. 201952

Honorable Erika L. Green, Judge Presiding

* * * * *

Marcus T. Foote
Baton Rouge, LA

Attorney for Plaintiff-Appellee,
Melissa D. Sinclair


Mark D. Plaisance
Marcus J. Plaisance
Prairieville, LA
-and-
Harley M. Brown
Baton Rouge, LA

Attorneys for Defendant-Appellant,
Seth D. Sinclair


* * * * *

BEFORE: McCLENDON, HESTER, AND MILLER, JJ.

McClendon, J. concurs and assigns reasons.

**HESTER, J.**

This is an appeal by a former husband from a judgment of the trial court rescinding a community property agreement on account of lesion. For the following reasons, we dismiss the appeal.

## FACTS AND PROCEDURAL HISTORY

Melissa Danielle Sinclair ("Danielle") and Seth D. Sinclair ("Seth") were married on October 16, 2004. On October 20, 2015, Danielle filed a "Petition for 102 Divorce and Ancillary Matters." A judgment of divorce was rendered on December 13, 2016. On February 7, 2017, Danielle filed a "Petition to Judicially Partition Community Property" requesting the court to partition the community property pursuant to the provisions of La. R.S. 9:2801. She attached to her petition a detailed descriptive list of the community assets, liabilities, and reimbursement claims known to her. On May 7, 2018, the attorneys for Seth and Danielle signed a case management schedule to set deadlines for the community property trial. Thereafter, on July 10, 2018, Seth filed a "Motion to Homologate Full Settlement of Community" stating that the parties executed a full settlement of all community properties and any and all claims arising from their marriage. He attached to his motion the parties' "Community Property Settlement" signed by Seth on November 10, 2017, and signed by Danielle on July 9, 2018 ("the community property agreement"). On July 12, 2018, a judgment was signed by the trial court ordering that "the *Community Property Settlement* attached…is made the Order of [the] Court, and given full force and effect, as the partition of the community property and settlement of all claims between [Danielle] and [Seth]."

On April 30, 2020, Danielle filed a "Petition to Rescind Extrajudicial Partition Agreement" contending that the community property agreement was in violation of La. Civ. Code art. 814 and should be rescinded on account of lesion. In response, Seth filed dilatory and peremptory exceptions and affirmative defenses. On August

12, 2020, the trial court sustained Seth's exception of vagueness and gave Danielle thirty days to amend her petition. Danielle timely filed a "First Amending and Supplemental Petition to Rescind Extrajudicial Partition Agreement."[1] In the supplemental petition, Danielle contends that the value of Seth's "BRPD retirement" was erroneous, resulting in her receiving less by more than one-fourth of her one-half portion of the community property.

Danielle's petition to rescind and amending and supplemental petition to rescind came before the trial court on February 10 and 11, 2022. During the trial, the parties submitted joint exhibit one into evidence stipulating to the values and possessions of the community assets, liabilities, and reimbursement claims other than the value of Seth's Baton Rouge Police Department retirement[2] and Seth's home mortgage reimbursement claim. The parties agreed that the value of those items would be tried before the court.

On May 16, 2022, the trial court signed a judgment in favor of Danielle and against Seth, rescinding the community property agreement on the grounds of lesion. The trial court issued written reasons for judgment. In its written reasons, the trial court found the value of Seth's BRPD account to be $48,365.27 and the net value of the community to be $92,352.07.

Seth timely filed a "Motion to Amend Judgment to Correct Errors of Calculation, *and* For New Trial on Finding Lesion with Corrected Calculations" requesting that the May 16, 2022 judgment be amended to correct errors of calculation and that a new trial be granted to consider Seth's reimbursement claims. In his motion, Seth contended that the corrected calculations resulted in the community property agreement not being lesionary. Seth's motion was heard on

---

[1] The first page or pages of Danielle's amending and supplemental petition are missing from our record.

[2] Seth's retirement account is referred to throughout the record as his MPERS account (Municipal Police Employees Retirement System) and his BRPD retirement account.

June 14, 2022. The trial court granted Seth's motion and signed a judgment on June 23, 2022, vacating the May 16, 2022 judgment and dismissing Danielle's petition to rescind and first amending and supplemental petition to amend.

On June 28, 2022, Danielle filed a "Motion for New Trial, or in Alternative, Amendment of Judgment" contending that the June 23, 2022 judgment was the result of calculation errors. In her motion, Danielle contended that there were two issues with the trial court's original calculation and that Seth's motion for new trial only cited one of the calculation issues. Danielle's motion for new trial was heard on July 19, 2022. On February 3, 2023, the trial court signed a judgment vacating the June 23, 2022 judgment, rendering judgment in favor of Danielle and against Seth, and rescinding the community property agreement on the grounds of lesion. It is from this February 3, 2023 judgment that Seth appeals, contending that the community property agreement that was made a judgment of the court was a transaction and compromise and had the effect of res judicata not subject to being set aside by lesion under La. Civ. Code art. 814. Seth also contends that the trial court erred in vacating the judgment it rendered on Seth's motion for new trial because Danielle's motion for new trial was untimely.

**DISCUSSION**

Appellate courts have the duty to determine *sua sponte* whether their subject matter jurisdiction exists, even when the parties do not raise the issue. **Advanced Leveling & Concrete Solutions v. Lathan Company, Inc.**, 2017-1250 (La. App. 1st Cir. 12/20/18), 268 So.3d 1044, 1046 (*en banc*). This court's appellate jurisdiction extends to final judgments and to interlocutory judgments when expressly allowed by law. See La. Code Civ. P. art. 2083(A) and (C). A final judgment is one that determines the merits of a controversy in whole or in part; in contrast, an interlocutory judgment does not determine the merits, but only

preliminary matters in the course of an action. La. Code Civ. P. art. 1841.

**Advanced Leveling & Concrete Solutions**, 268 So.3d at 1046.

The February 3, 2023 judgment provides:

> **IT IS ORDERED, ADJUDGED AND DECREED** that judgment signed on June 23, 2022 is vacated for the written reasons issued on January 17, 2023. Final judgment is rendered in favor of [Danielle] and against [Seth] and the Community Property Settlement Agreement ... is hereby rescinded on the grounds of lesion.

The February 3, 2023 judgment rescinding the community property agreement is not determinative of the entirety of the merits of the claims between the parties because the community property partition has yet to be effected. See **Tramontin v. Tramontin**, 2010-0060 (La. App. 1st Cir. 12/22/10), 53 So.3d 707, 712. Furthermore, it does not fall into any of the categories of partial final judgments set forth in La. Code Civ. P. art. 1915(A), and does not contain a designation that it is final for purposes of immediate appeal pursuant to La. Code Civ. P. art. 1915(B)(1).[3]

---

[3] Louisiana Code of Civil Procedure article1915 provides:

> A. A final judgment may be rendered and signed by the court, even though it may not grant the successful party or parties all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:
> (1) Dismisses the suit as to less than all of the parties, defendants, third party plaintiffs, third party defendants, or intervenors.
> (2) Grants a motion for judgment on the pleadings, as provided by Articles 965, 968, and 969.
> (3) Grants a motion for summary judgment, as provided by Articles 966 through 969, but not including a summary judgment granted pursuant to Article 966(E).
> (4) Signs a judgment on either the principal or incidental demand, when the two have been tried separately, as provided by Article 1038.
> (5) Signs a judgment on the issue of liability when that issue has been tried separately by the court, or when, in a jury trial, the issue of liability has been tried before a jury and the issue of damages is to be tried before a different jury.
> (6) Imposes sanctions or disciplinary action pursuant to Article 191, 863, or 864 or Code of Evidence Article 510(G).

> B. (1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories against a party, whether in an original demand, reconventional demand, cross-claim, third-party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.

> (2) In the absence of such a determination and designation, any such order or decision shall not constitute a final judgment for the purpose of an immediate appeal and may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties.

Thus, the February 3, 2023 judgment is not a final judgment, and this court lacks subject matter jurisdiction to review it on appeal. See **Joseph v. Ratcliff**, 2010-1342 (La. App. 1st Cir. 3/25/11), 63 So.3d 220, 224.

Although this court has discretion to convert an appeal to an application for supervisory writs, it may only do so if the appeal would have been timely had it been filed as a supervisory writ application. **Succession of Jaga**, 2016-1291 (La. App. 1st Cir. 9/15/17), 227 So.3d 325, 328 n.2. A party intending to apply to this court for a supervisory writ shall give notice of such intention by requesting a return date to be set by the trial court, which shall not exceed thirty days from the date of the notice of judgment. See Uniform Rules-Courts of Appeal, Rules 4-2 and 4-3. In this case, notice of the February 3, 2023 judgment was mailed to the parties on February 10, 2023, and the motion for appeal was filed on March 30, 2023. Because the appeal was not filed within thirty days of the notice of judgment, the motion for appeal cannot be considered a timely filed application for supervisory writs under Uniform Rules-Courts of Appeal, Rule 4-3. Accordingly, we decline to convert the appeal to an application for supervisory writs.

## CONCLUSION

For the foregoing reasons, we dismiss the appeal. All costs of the appeal are assessed against Seth D. Sinclair.

**APPEAL DISMISSED.**

6

# STATE OF LOUISIANA

# COURT OF APPEAL

# FIRST CIRCUIT

# 2023 CA 1210

# MELISSA DANIELLE SINCLAIR

# VERSUS

# SETH D. SINCLAIR

**************************************************

**McClendon, J., concurring in the result.**

The original petition to judicially partition the community property was filed by Ms. Sinclair on February 7, 2017. Thereafter, her petition to rescind the extrajudicial partition agreement was filed into the same suit record, as was her first amending and supplemental petition to rescind the extrajudicial partition agreement. Further, Ms. Sinclair, in addition to requesting the rescission of the partition agreement, prayed that "the partition action be re-instated so as to restore [Ms.] Sinclair and [Mr.] Sinclair to co[-]ownership in the assets, debts, and claims of the former community, as so to permit Ms. Sinclair to receive a fair partition of the same." Therefore, there are still matters pending between the parties in this proceeding. Accordingly, I concur in the result.