NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

25-181

LARRY MADISON GRIMM

VERSUS

JENNIFER ELIZABETH GRIMM

**********

APPEAL FROM THE
TWENTY-EIGHTH JUDICIAL DISTRICT COURT
PARISH OF LASALLE, NO. 42,570
HONORABLE J. CHRISTOPHER PETERS, DISTRICT JUDGE

**********

SHANNON J. GREMILLION
JUDGE

**********

Court composed of Shannon J. Gremillion, Charles G. Fitzgerald, and Guy E. Bradberry, Judges.

APPEAL DISMISSED.
APPELLANT PERMITTED TO FILE APPLICATION
FOR SUPERVISORY WRIT.

**Donald Wilson**
**Wilson & Wilson**
**P. O. Box 1346**
**Jena, LA 71342**
**(318) 992-2104**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Jennifer Elizabeth Grimm**

**Kenneth A. Doggett, Jr.**
**Doggett Law Firm**
**1100 Martin Luther King Drive, Suite A**
**Alexandria, La 71301**
**(318) 888-3644**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Larry Madison Grimm**

**GREMILLION, Judge.**

On March 26, 2025, this court issued, *sua sponte*, a rule ordering Plaintiff-Appellant, Larry Madison Grimm, to show cause, by brief only, why the appeal in the above captioned case should not be dismissed as having been taken from a non-appealable, interlocutory order. Mr. Grimm filed a response to the rule. For the reasons given herein, we dismiss the appeal.

On November 27, 2023, Defendant-Appellee, Jennifer Elizabeth Grimm, filed a petition seeking the revocation and rescission of an "Act of Partition and Community Property Settlement," which had been reached by the parties and filed in the LaSalle Parish records as part of the couple's divorce. Therein, Mrs. Grimm alleged that Mr. Grimm failed to disclose community assets valued at roughly $55,000, and that Mr. Grimm had received $175,000 worth of assets, while she had received roughly $5,000 in the partition. Mrs. Grimm alleged that, under Louisiana Civil Code Articles 814 and 2589, the agreement was an absolute nullity, based on lesion.

On October 8, 2024, Mrs. Grimm filed a motion for summary judgment, alleging there was no genuine issue of material fact that the agreement was not executed in strict conformity with the requirements of La.Civ.Code art. 2329.[1] After a hearing on the motion, the trial court found that the agreement intended to terminate the community, divide the property thereof, and to end the community property regime, noting the specific language of that agreement. As such, court approval was required under La.Civ.Code art. 2329, and none had been given. The trial court granted Mrs. Grimm's motion for summary judgment, finding that the agreement was an absolute nullity. The trial court recalled and revoked that

---

[1] Louisiana Civil Code Article 2329 states that any matrimonial agreement that modifies or terminates a matrimonial regime during marriage will be viable "only upon joint petition and a finding by the court that [the agreement] serves [the parties'] best interests and that they understand the governing principles and rules."

agreement and ordered it to be removed from the LaSalle Parish records. From that decision, Mr. Grimm seeks this appeal.

Upon the lodging of the appeal, this court issued a rule to show cause why the appeal should not be dismissed as having been taken from a non-appealable, interlocutory judgment. In response to the rule to show cause, Mr. Grimm filed a brief admitting concern as to the finality of the appealed ruling under *Sinclair v. Sinclair*, 23-1210 (La.App. 1 Cir. 7/23/24), 395 So.3d 17.

In that matter, the appellate court ruled that a judgment rescinding a community property agreement between a former wife and husband was not final judgment, and, thus, the court of appeal lacked subject-matter jurisdiction to review that judgment in post-divorce proceedings on wife's motion to rescind agreement based on lesion.

As in *Sinclair*, the December 17, 2024 judgment rescinding the community property settlement is not determinative of the entirety of the merits of the claims between the parties, because a valid community property partition has yet to be finally effected. See *Tramontin v. Tramontin*, 10-60 (La.App. 1st Cir. 12/22/10), 53 So.3d 707. Furthermore, that judgment does not fall into any of the categories of partial final judgments set forth in La.Code Civ.P. art. 1915(A), nor does it contain a designation that it is final for purposes of immediate appeal pursuant to La.Code Civ.P. art. 1915(B)(1). Thus, the December 17, 2024 judgment is not a final judgment, and this court lacks subject matter jurisdiction to review it on appeal. Consequently, any allegations of error concerning that agreement cannot be considered at this juncture and this appeal must be dismissed.

However, in the interest of justice, this court may permit a party to file a writ application when a motion for appeal is filed within thirty days of the trial court's ruling. *Rain CII Carbon, LLC v. Turner Indus. Group, LLC*, 14-121 (La.App. 3 Cir.

2

3/19/14), 161 So.3d 688. We note that Plaintiff did file his motion to appeal within the thirty-day period allowed for the filing of an application for supervisory writs. Uniform Rules—Courts of Appeal, Rule 4–3. Further, Plaintiff has requested that we convert the instant appeal to an application for supervisory writs, should we determine this court lacks jurisdiction. Accordingly, we exercise our discretion and construe the motion for appeal as a notice of intent to file for supervisory writs. The appeal in docket numbers 25-181 is hereby dismissed, and Plaintiff is given until May 30, 2025,[2] to file a properly documented application for supervisory writs pursuant to Uniform Rules—Courts of Appeal, Rule 4–5.

**APPEAL DISMISSED.**
**APPELLANT PERMITTED TO FILE APPLICATION FOR SUPERVISORY WRITS.**

---

[2] Appellant has thirty (30) days from the date this ruling is issued to file an application for supervisory writs.