STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBER 2019 CA 0934

JENNIFER BRASHIER

VERSUS

JACOB BRASHIER

*Consolidated with*

2019 CA 0935

JACOB BRASHIER

VERSUS

JENNIFER BRASHIER

**Judgment Rendered:** FEB 2 1 2020

* * * * * *

Appealed from the
Twenty-First Judicial District Court
In and for the Parish of Livingston
State of Louisiana
Suit Number 143515 c/w 145362

Honorable Jeffrey T. Oglesbee, Presiding

* * * * * *

Jenel Guidry Secrease                    Counsel for Plaintiff/Appellant
Jay Michael Futrell                          Jennifer Brashier
Ponchatoula, LA


Sherman Q. Mack                          Counsel for Defendant/Appellee
C. Glenn Westmoreland                  Jacob Brashier
Albany, LA

* * * * * *

BEFORE: WHIPPLE, C.J., GUIDRY, AND BURRIS,[1] JJ.

---

[1] Judge William J. Burris, retired, serving *pro tempore* by special appointment of the Louisiana Supreme Court.

Whipple, C.J. concurs and assigns reasons.

**GUIDRY, J.**

Plaintiff/Appellant, Jennifer Brashier, appeals from a judgment of the trial court ordering the parties to file amended tax returns for tax years 2014, 2015, and 2016, with defendant/appellee, Jacob Brashier, claiming all three of the parties' minor children as dependents. For the reasons that follow, we dismiss the appeal.

## FACTS AND PROCEDURAL HISTORY

Jacob and Jennifer Brashier were married on September 24, 2005, and three children were born of the parties' marriage. Jacob filed a petition for divorce on June 4, 2014, seeking a divorce pursuant to La. C.C. art. 102, and Jennifer filed an answer and reconventional demand thereafter seeking a divorce pursuant to La. C.C. arts. 103 and 103.1(1)(b). The parties entered into an Interim Stipulated Judgment, which was signed by the trial court on August 28, 2014, whereby custody, visitation, child support, and medical expenses were determined.

Following a trial on November 21, 2014, on Jacob's petition for divorce and Jennifer's reconventional demand, the trial court signed a judgment on December 11, 2014, awarding the parties joint custody of the minor children, with Jennifer designated as the primary domiciliary parent, and setting forth the custody and visitation of the parties. The judgment further ordered Jacob to pay child support in the amount of $1,428.00 per month, retroactive to December 9, 2013, and also provided for use of the family home and automobile. A judgment of divorce was subsequently signed by the trial court on January 28, 2015.

On November 15, 2016, Jacob filed a Rule for Contempt of Court and For Modification of Custody, wherein he sought to be named as the minor children's primary domiciliary parent. Additionally, Jacob asserted that the court had previously awarded Jacob the right to claim the minor children on his federal and state income tax returns, but that this language was omitted from the December 11, 2014 judgment. Accordingly, Jacob requested that the trial court amend the

December 11, 2014 judgment to provide that Jacob is entitled to claim the minor children on his federal and state income tax returns as dependents and that he be given a credit for the amount of refund Jennifer received on her 2014 and 2015 income tax returns. Following a hearing on Jacob's rule for contempt, the trial court signed a judgment modifying custody on an interim basis, deferring the issue of modification of child support, and deferring the issue of claiming the children on tax returns pending receipt of the transcript of the ruling of the court from November 21, 2014.

Thereafter, on February 6, 2018, the trial court signed an amended judgment, amending the December 11, 2014 judgment to provide that Jacob shall be entitled to claim all three minor children on his federal and state income tax returns as a tax dependency exemption and that all other provisions of the judgment shall remain in full force and effect.

A hearing officer with the Twenty-First Judicial District Court subsequently issued a recommendation on December 4, 2018, wherein the hearing officer indicated that a trial on Jacob's November 15, 2016 pleading requesting that he be entitled to a credit towards his child support arrearages for his inability to claim the minor children as dependents as ordered was held on August 23, 2018.[2] The hearing officer stated that Jacob had submitted to the court for review, without objection, his actual and proposed tax returns for 2014, 2015, and 2016. After reviewing the record, particularly the amended judgment signed on February 6, 2018, and the transcript from the November 21, 2014 hearing, the hearing officer recommended that both parties be ordered to file amended income tax returns for 2014, 2015, and 2016,

---

[2] The minute entry in the record indicates that the matter was called on the non-support docket before the hearing officer on August 23, 2018, for the purpose of tax dependency review. However, according to the minutes, the matter was continued subject to reassignment, and there is no indication either in the minute entry or elsewhere in the record when this matter was before the hearing officer for review and consideration.

wherein Jacob shall claim all of the parties' minor children in accordance with the November 21, 2014 judgment.

Thereafter, Jennifer filed an exception to the hearing officer's recommendation, which was set for hearing on February 6, 2019. On January 23, 2019, Jennifer also filed a motion to vacate and rule to show cause, asserting that the December 11, 2014 judgment was silent as to which party was entitled to claim the minor children for tax purposes, that the trial court signed an amended judgment on February 6, 2018, awarding Jacob the tax exemption for the minor children, and that the February 6, 2018 judgment is an absolute nullity, being a substantive amendment of a final judgment in contravention of La. C.C.P. art. 1951. The motion to vacate was set for hearing on February 20, 2019. The hearing on Jennifer's exception was continued from February 6, 2019 to February 20, 2019. On February 20, 2019, the matter appeared before the civil rules docket for the purposes of the exception hearing reset from February 6, 2019. After a status conference with the court in chambers, the matter was reset to April 3, 2019.

On April 3, 2019, the trial court held a hearing on Jennifer's exception. At the conclusion of the hearing, the trial court signed a judgment ordering that both parties shall be ordered to file amended tax returns for tax years 2014, 2015, and 2016 with Jacob claiming all three of the parties' minor children as dependents. Jennifer filed a motion for suspensive appeal from the trial court's April 3, 2019 judgment.

**APPELLATE JURISDICTION**

On August 5, 2019, this court, *ex proprio motu*, examined the appellate record and noted that the April 3, 2019 judgment appears not to be a final, appealable judgment. Specifically, this court noted that it does not appear in the record that the trial court ruled on Jennifer's January 23, 2019 motion to vacate and rule to show cause, which appears to be directly related to the April 3, 2019 judgment at issue

4

herein. Accordingly, this court issued a rule to show cause order, ordering the parties to show cause by briefs as to why the appeal should or should not be dismissed.

In response to this court's show cause order, Jennifer asserts that the April 3, 2019 judgment is a final, appealable judgment because when a judgment is silent with respect to an issue that is placed before the court, it is presumed that the relief sought is denied. See Caro v. Caro, 95-0173, p. 7 (La. App. 1st Cir. 10/6/95), 671 So. 2d 516, 520. However, in the instant case, while Jennifer's motion to vacate was set for hearing before the court on February 20, 2019, there is no indication in the record that the motion was before the court on that date. Rather, the minute entries reflect that the only matter before the court on February 20, 2019, and on April 3, 2019, when the February 20, 2019 hearing was reset, was Jennifer's exception to the hearing officer's recommendation. As such, absent evidence in the record to indicate that Jennifer's motion to vacate was placed before the court for consideration, we cannot presume that the trial court denied that issue.

Accordingly, because the validity of the February 6, 2018 amended judgment, upon which the trial court relied in rendering the April 3, 2019 judgment, is still at issue, we do not find that the April 3, 2019 judgment is a final, appealable judgment. See La. C.C.P. art. 1841, 1915; see Blake v. Blake, 12-0655, 12-0656, pp. 6-12, (La. App. 4th Cir. 10/31/12), 103 So. 3d 683, 686-689. Absent a final, appealable judgment, this court lacks subject matter jurisdiction to consider the appeal. See La. C.C.P. art 2083. Therefore, we dismiss the appeal. See Tramontin v. Tramontin, 10-0060, pp. 7-8 (La. App. 1st Cir. 12/22/10), 53 So. 3d 707, 710-712.

## CONCLUSION

For the foregoing reasons, we dismiss the appeal. Jennifer Brashier's motion to supplement the record on appeal is denied as moot. All costs of this appeal are

5

assessed to Jennifer Brashier.

**APPEAL DISMISSED. MOTION TO SUPPLEMENT THE APPELLATE RECORD DENIED AS MOOT.**

| JENNIFER BRASHIER | STATE OF LOUISIANA |
| --- | --- |
| | COURT OF APPEAL |
| VERSUS | FIRST CIRCUIT |
| JACOB BRASHIER | NUMBER 2019 CA 0934 |

CONSOLIDATED WITH

| JACOB BRASHIER | STATE OF LOUISIANA |
| --- | --- |
| | COURT OF APPEAL |
| VERSUS | FIRST CIRCUIT |
| JENNIFER BRASHIER | NUMBER 2019 CA 0935 |

**WHIPPLE, C.J., concurring.**

Although the parties apparently believed the motion to vacate was considered (and denied) by the trial court, the record does not clearly establish or reflect that this occurred. Because the minute entries control, the dismissal of the appeal is warranted. Thus, I concur in the majority opinion.